**DENIED and Opinion Filed August 13, 2024**



In The
## Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-24-00912-CV

## IN RE STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY AND GREGORY ALAN SCOTT, Relators

**Original Proceeding from the County Court at Law No. 5**
**Dallas County, Texas**
**Trial Court Cause No. CC-24-00711-E**

## MEMORANDUM OPINION

Before Justices Pedersen, III, Garcia, and Miskel
Opinion by Justice Garcia

Before the Court are relators' August 2, 2024 petition for writ of mandamus and emergency motion for temporary relief. In their petition, relators challenge trial court orders denying their motions to quash three depositions and compelling the depositions to occur by August 15, 2024. In their emergency motion, relators seek to stay the depositions pending our action on the petition.

Relators bear the burden of providing the Court with a sufficient record to show they are entitled to relief. *See Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding). Here, relators did not meet that burden based on their failure to comply with the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P.

52.7(a)(2). Rule 52.7(a)(2) requires relators to file with their mandamus petition a properly authenticated transcript of any relevant testimony from the underlying proceeding, including any exhibits offered in evidence, or a statement that no testimony was adduced in connection with the matter complained. TEX. R. APP. P. 52.7(a)(2). Relators failed to do that here even though the record reflects that the trial court held a hearing on the motions at issue.

Relators argue that the trial court abused its discretion in failing to quash the depositions because the depositions did not meet the proportionality requirements under rule 192.4. Proportionality complaints must be supported with evidence. *In re USAA Gen. Indem. Co.*, 624 S.W.3d 782, 792 (Tex. 2021) (orig. proceeding). Any evidence presented at the hearing would be relevant and material to relators' request for mandamus relief. Absent relators' compliance with rule 52.7(a)(2), however, we cannot review whether the trial court abused its discretion.

Accordingly, we deny the petition for writ of mandamus. We also deny relators' emergency motion for temporary relief as moot.

/Dennise Garcia/
_____
DENNISE GARCIA
JUSTICE

240912F.P05

–2–